## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **JOE JOHNSON,** | * | |
| | * | |
| Plaintiff | * | |
| | * | |
| vs. | * | Case No. **RWT 06-CV-160** |
| | * | |
| **NUTREX RESEARCH, INC., et al.** | * | |
| | * | |
| Defendant | * | |

## MEMORANDUM OPINION

On December 19, 2005, Plaintiff Joe Johnson ("Johnson") filed a complaint in the Circuit Court for Prince George's County, Maryland, alleging that he was injured by a dietary weight loss supplement manufactured by Defendant Nutrex Research, Inc. ("Nutrex") and sold to him by Defendant General Nutrition Corporation ("GNC"). On January 29, 2006, Nutrex removed the suit to this Court based on diversity of citizenship, 28 U.S.C. §1332. GNC did not join in the notice of removal filed by Nutrex, nor did the notice explain the failure of GNC to join in or consent to removal. Johnson subsequently filed a Motion to Remand, alleging a lack of federal jurisdiction and improper removal. The Court now rules, no hearing being deemed necessary. L.R. 105.6.

Because the removal of a case from state to federal court raises significant federalism concerns, courts strictly construe removal jurisdiction. Mulcahey v. Columbia Organic Chemicals Co., 29 F.3d 148, 151 (4th Cir. 1994)(concern for federalism underlies principle that removal statutes are to be strictly construed). Furthermore, because federal courts are courts of limited jurisdiction, "federal courts have reasoned that they should be strictly limited to those cases in which original jurisdiction has been conferred upon them and should not be allowed to denigrate the requirements of the removal statutes to enhance their jurisdiction." Bellone v. Roxbury Homes, Inc., 748 F. Supp. 434 (W.D. Va. 1990). See also Mason v. International Business Machines, Inc., 543 F. Supp. 444,

446 (M.D.N.C. 1982); Thompson v. Gillen, 491 F. Supp. 24, 26 (E.D. Va. 1980).  Courts therefore strictly construe the removal statutes, and "if federal jurisdiction is doubtful, a remand is necessary." Mulcahey, 29 F. 3d at 151; Marshall v. Manville Sales Corp., 6 F. 3d 229, 232 (4th Cir. 1993)(courts should "resolve all doubts about the propriety of removal in favor of retained state court jurisdiction").

As explained below, the Court concludes that the notice of removal in this case is deficient for two reasons.[1]  First, it fails to properly allege diversity jurisdiction under 28 U.S.C. §1332, which provides for federal jurisdiction over civil actions between "*citizens* of different states" (emphasis added).  Second, the notice of removal was not joined in by GNC nor was its consent to removal manifested in a timely manner.

The removal papers filed by Nutrex state only that "[P]laintiff is a *resident* of the state of Maryland" (emphasis added), and contain no allegations regarding the Plaintiff's citizenship.  See Notice at ¶ 5.  Although "citizenship" and "residence" may be interchangeable terms in common parlance, for diversity jurisdiction purposes, the existence of citizenship cannot be inferred from allegations of residence alone.  See Newman-Green, Inc. v. Alfonzo-Larrian, 490 U.S. 826, 828 (1989)("In order to be a citizen of a State within the meaning of the diversity statute, a natural

---

[1]     Plaintiff's Motion to Remand also asserts that the case should be remanded because the Court lacks diversity jurisdiction under 28 U.S.C. § 1332.  Specifically, Plaintiff contends that because GNC does business in the State of Maryland, the company is a "citizen" of Maryland. Assuming, for the sake of this argument, that Plaintiff is in fact a citizen of Maryland, Plaintiff asserts that GNC's status as a Maryland citizen destroys diversity.

        The foundation of Plaintiff's argument is incorrect.  GNC is incorporated in Pennsylvania, and its principal place of business is in Pittsburgh, Pennsylvania.  For the purposes of removal and diversity jurisdiction, a corporation is deemed a citizen of its state of incorporation and a citizen of the state where it maintains its principal place of business.  See Peterson v. Cooley, 142 F.3d 181, 184 (4th Cir. 1998). Contrary to Plaintiff's assertion, the mere fact that GNC does business in Maryland *as a foreign corporation* does not make Maryland the company's principal place of business, and therefore would not destroy diversity jurisdiction.

person must both be a citizen of the United States and be domiciled within the state."); <u>Steigleder v. McQuesten</u>, 198 U.S. 141, 142 (1905)("[I]t has long been settled that residence and citizenship [are] wholly different things within the meaning of the Constitution and the laws defining and regulating the jurisdiction of the circuit courts of the United States; and that a mere averment of residence in a particular state is not an averment of citizenship in that state for the purposes of jurisdiction."); <u>Axel Johnson, Inc. v. Carroll Carolina Oil Co., Inc.</u>, 145 F.3d 660 (4th Cir. 1998)(rejecting Defendant's assertion of diversity jurisdiction based only on conclusory assertions of the parties' residence; citing cases). The Defendants' own response concedes that "at this stage of the litigation, defendants are unable to prove plaintiff's 'citizenship.'" <u>See</u> Paper No. 13.

The Defendants' failure to allege, and their admission that they cannot prove, Johnson's citizenship is fatal to this Court's ability to hear this case. Although the Defendants appear to suggest that the Court can excuse this deficiency because "[P]laintiff does not [] contend, let alone demonstrate, that he is *not* a Maryland citizen," <u>See</u> Paper No. 13, this suggestion ignores the fact that Johnson is not required to *disprove* the existence of diversity jurisdiction. Rather, the party seeking removal bears the burden of showing jurisdiction by a preponderance of the evidence. <u>Schwenk v. Cobra Mfg. Co.</u>, 322 F. Supp. 2d 676, 678 (E.D. Va. 2004). <u>See</u> <u>generally</u> 14C Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3725 (3d ed. 1998 & 2005 Supp.)(collecting cases). The Defendants have failed to meet this burden because they have not made a showing regarding Johnson's citizenship or otherwise proved federal jurisdiction. This case therefore should be remanded back to the Circuit Court for Prince George's County.

The second deficiency of the Notice of Removal is GNC's failure to join in or consent to the removal in a timely manner. To remove a civil action brought in state court, "a defendant or defendants" must file in the district court "a notice of removal signed pursuant to Rule 11 of the

Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal," such notice to be filed "within thirty days after receipt, through service or otherwise, of the initial pleading." 28 U.S.C. §1446 (2006). In cases involving multiple defendants, most courts require that all defendants join in or consent to the removal petition; the "lack of consent by all defendants presents a failing that cannot be easily excused under [the] strict construction [of removal statutes]." Louth, 40 F. Supp. 2d at 783.[2] See also Aguilar v. Evans, 607 F. Supp. 1418, 1419 (E.D. Va. 1985)(citing cases); National Union Fire Insurance Co. of Pittsburgh, Pa. v. Louth, et al., 40 F. Supp. 2d 776, 782 (W.D. Va. 1999).

Nutrex's Notice of Removal indicates that its first notice of this action was by its receipt[3] on December 22, 2005, and that GNC's first notice of this action was by its receipt on December 30, 2005. See Notice at ¶ 4. Both Defendants therefore had notice of this action at the time that Nutrex

---

[2]

       Courts in this circuit have recognized certain "exceptions to this rule when a defendant is improperly served or is a 'nominal or formal' party -- generally a party with no assets or one that does not actively engage in business." Egle Nursing Home, Inc. v. Erie Insurance Group, et al., 981 F. Supp. 932, 933 (D. Md. 1997), citing Perpetual Bldg. & Loan Ass'n v. Series Directors of Equitable Bldg. & Loan Ass'n, 217 F.2d 1, 5 (4th Cir. 1954). Additionally, the consent of a Defendant over whom the state court has not acquired jurisdiction is not needed. Egle Nursing Home, 981 F. Supp. at 933. However, the Defendants do not so allege (and it does not appear) that any of these exceptions are applicable in this case. To the contrary, Defendants' Statement Concerning Removal indicates that GNC was late in joining the removal because it had not yet obtained legal representation and was attempting to secure counsel. See Paper No. 12.

       Additionally, GNC's assertion that it was not properly served in this case appears to lack merit. GNC fails to provide an affidavit or other information from which the Court might conclude that it was not properly served. GNC simply asserts, without more, that it "has not been properly served in this case, in that service was made on the Corporation Trust, which is not GNC's registered agent for service of process." Id.. However, The Corporation Trust is in fact designated as GNC's Resident Agent with the Maryland Department of Assessments and Taxation. See Md. Dept. of Assessments & Taxation Business Entity Information for General Nutrition Corporation, ID#:F07657893 at http://sdatcert3.resiusa.org/ucc-charter/DisplayEntity_b.asp?EntityID=F07657893&EntityName=GENERAL+NUT RITION+CORPORATION&TabNum=1. GNC admits that it received a copy of the summons and complaint on December 30, 2005, and its thirty-day window for removal began at that time. See Gordon v. Hartford Fire Insurance Co., 2004 WL 1637637 (4th Cir. July 23, 2004)(when statutory agent is served, the thirty-day removal period begins when the agent gives the Defendant a copy of the complaint); Lilly v. CSX Transportation, Inc., 186 F. Supp. 2d 672 (S.D.W.Va. 2002)(same).

[3]

       The notice of removal filed by Nutrex states only that its "first notice of this action was by its receipt on December 22, 2005." See Notice at ¶ 4. However, in its Statement Concerning Removal filed on February 7, 2006, it concedes that it was "served with a copy of the summons and complaint in this case on December 22, 2005." See Statement at ¶ 1.

filed a Notice of Removal on January 19, 2006.  However, GNC failed to join in the Notice of Removal or otherwise indicate its consent to removing the action to federal court.  Nutrex's Notice of Removal does not explain why GNC did not join Nutrex in removing the case or suggest that GNC for some reason was not required to join in or consent to the removal in a timely manner.  This alone makes the removal petition defective.  <u>See</u> <u>Egle Nursing Home</u>, 981 F. Supp. at 935 (granting motion to remand when the removal notice failed to state why all defendants did not join in or consent to removal); <u>Brantley v. Vaughan</u>, 835 F. Supp. 258, 260 n.2 (D.S.C. 1993)("A petition for removal is considered defective if it fails to explain why all defendants have not joined therein."); <u>rewer</u>, 685 F. Supp. 952, 953 (D.S.C. 1988)(removal petition must affirmatively explain the absence of codefendant or it is defective).

Defendants minimize this omission, suggesting that this "defect" in the Notice of Removal was cured by GNC joining in the February 7, 2006 Statement Concerning Removal in which it states that it joins in and consents to the removal of this case, <u>See</u> Paper No. 12, and by GNC's joining in the opposition to Plaintiff's Motion to Remand, <u>See</u> Paper No. 13.  Defendants correctly note that in certain cases, the Fourth Circuit has permitted amendment of a Notice of Removal to correct a technical defect.  <u>See</u>, <u>e.g.</u>, <u>Nutter v. New Rents, Inc.</u>, 945 F.2d 398, No. 90-2494, 1991 WL 193490 (4th Cir. Oct. 1, 1991)(allowing defendants to cure the technical defect of the failure to state the principal place of business of one of the defendants).  Although the Defendants have not requested leave to amend the Notice of Removal to correct a defect, their opposition to Plaintiff's Motion to Remand seems to suggest that this Court should view the Defendants' subsequent filings as correcting or amending the original deficient Notice of Removal.

This the Court declines to do.  The Defendants never sought to amend their Notice of Removal, and even if they had, it would not be proper here because the failure to file a notice joined

by both Nutrex and GNC is not a mere technical defect of the type that courts have permitted a removing defendant to correct after the time for removal has expired. See Louth 40 F. Supp. 2d at 783 (refusing to grant defendants' request that they be allowed to cure their failure to file a notice of removal joined by all defendants); Egle Nursing Home, 981 F. Supp. at 935 (granting motion to remand and denying defendant's motion to correct defect by amending its notice of removal to reflect consent of all defendants; "the consent of all defendants to removal is not a mere technicality, but an important part of the burden carried by the party seeking removal jurisdiction."); Unicom Systems, Inc. v. National Louis University, et al., 262 F. Supp. 2d 638 (E.D. Va. 2003)(holding that defendants' notice of consent outside of the thirty-day statutory period for removal insufficient to constitute consent to removal under 1446; "to hold otherwise would run counter to the principle of strict construction of removal statutes, and effectively negate the mandatory requirements of 28 U.S.C. 1446").  GNC was in receipt of a copy of the complaint on December 30, 2005, but failed to join in or consent to Nutrex's Notice of Removal, and failed to otherwise indicate its consent in the thirty-day window in which removal was proper.   Therefore, in accordance with the strict construction of removal statutes, this Court will remand this case to the Circuit Court for Prince George's County due to the failure of GNC to timely join in or consent to the removal of this case as required by 1446(a).

For the above-stated reasons, by separate order Plaintiff's Motion to Remand will be GRANTED.

 April 26, 2006                             /s/
        Date                        ROGER W. TITUS
                                    UNITED STATES DISTRICT JUDGE